# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

   v.                                                  **Case No. 08-CR-172**

**JOHN MAYS**
        **Defendant.**

## ORDER

On February 28, 2011, I sentenced defendant John Mays to 51 months in prison followed by 5 years of supervised release on his guilty plea to conspiracy to distribute cocaine and cocaine base. Defendant completed the prison sentence and commenced supervision on May 13, 2014. On September 1, 2016, defendant filed a motion for early termination of supervised release. The government opposes the motion.

**I.**

Under 18 U.S.C. § 3583(e)(1), the district court may grant early termination if the defendant has completed at least one year of supervision, the government has been given notice and an opportunity to be heard, and termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). E.g., United States v. Urban, No. 10-CR-111, 2016 BL 127939, at *1 (E.D. Wis. Apr. 21, 2016). Defendant Mays has served more than one year, and the government has been given a chance to respond. The issue is thus whether termination would be in the interest of justice.

The district court possesses wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally concluded

that the conduct of the defendant sufficient to warrant termination should include more than mere compliance with the terms of supervised release, as that is what the court expects. See Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Courts have tended to grant early termination in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where continued supervision would hinder the defendant's rehabilitation.[1] See United States v. White, No. 06-CR-50, 2012 BL 275841, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). The defendant bears the burden of demonstrating that early termination is warranted. Id.

**II.**

In his motion, defendant indicates that he has since release worked hard to reintegrate into the community, maintaining employment, supporting his children, and complying with all supervision rules. Defendant further indicates that his current employment as a water meter installer requires travel for long periods of time. He has to date been able to receive permission for travel from his probation officer, but extended assignments may require a transfer of his supervision to another district, which may not be granted in timely fashion, thus jeopardizing his employment. He further indicates that he is required to be on call and worries that there may be occasions where he is unable to obtain travel permission because the officer is unavailable. He concludes that, based on his compliance and the issues with his employment, early termination would be in the interest of justice.

---

[1] "This is not to say that the defendant must *always* demonstrate exceptional circumstances in order to gain early termination. The attached text is descriptive of the manner in which courts have exercised their discretion in considering such motions." United States v. Spinks, No. 08-CR-161, 2016 BL 205661, at *1 n.2 (E.D. Wis. June 27, 2016); see also United States v. Little, No. 3:10-cr-00027-MOC, 2014 BL 130519, at *1 (W.D.N.C May 9, 2014) ("Compliance with the terms of supervision, while expected, should be encouraged.").

2

In its response, the government acknowledges that defendant is doing very well on supervision. However, he recently suffered a back injury and is not currently working, so there is presently no issue with courtesy supervision in another district; prior to the injury, the probation office was able to accommodate defendant's travel. The government also notes defendant's significant criminal history and his commission of the instant offense while serving a previous term of federal supervised release; prior to his arrest in this case, he appeared to be doing well on supervision in that case too. The government further notes that defendant committed a new offense (Prisoner Throw/Expel Bodily Substances) while detained in this case. The government concludes that, given his history, continued scrutiny is warranted to deter defendant and to protect the public.

In reply, defendant confirms that he is currently on medical leave from work. However, he indicates that he remains employed and, if the motion is granted, he plans on moving to South Carolina, where the employer is located. He states that leaving Milwaukee will be positive, as he will be away from old associates who pressure him to get back into illegal activity. He indicates that being on supervised release does not deter him from crime; rather, he has made the decision to break from his past.

**III.**

I will grant defendant's motion. Although the court expects those on supervision to comply, defendant's conduct, particularly in terms of employment and family responsibilities, surpasses what the court typically sees from felons on supervision. See United States v. Etheridge, 999 F. Supp. 2d 192, 197 (D.D.C. 2013). Further, while the probation office has thus far been able to accommodate defendant's work-related travel, his concerns about future assignments appear to be legitimate. Finally, defendant's desire to relocate to a new

3

environment, away from old associates, seems positive in terms of his rehabilitation. See United States v. Claybrooks, No. 07-CR-123, 2015 BL 59801, at *3 (E.D. Wis. Mar. 5, 2015).

Review of the pertinent § 3553(a) factors does not change this conclusion. While defendant has a serious prior record and committed the instant offense while serving a previous supervision term, he is now 41 years old, an age when, statistically, recidivism tends to decline;[2] his prior convictions are now older as well; and his solid performance on supervision over the past 2-½ years suggests that he has made necessary changes.[3] See 18 U.S.C. § 3553(a)(2)(B) & (C). He does not appear to have any ongoing correctional treatment needs that would be addressed by continued supervision; nor does it appear that he owes on any court-ordered financial obligations. See 18 U.S.C. § 3553(a)(2)(D) & (7).

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion for early termination (R. 1460) is **GRANTED**, and his supervised release is terminated effective immediately.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2] See United States Sentencing Commission, Recidivism Among Federal Offenders, at 23 (Mar. 2016) (noting recidivism rate of 55.3% for offenders age 31-35 at release, defendant's age when I revoked/sentenced him in 2011, versus 42.4% for offenders age 41-50, defendant's age now).

[3] During the previous supervision term, defendant's violations came to light within a year; he was released from prison on the old case in 2007 and indicted in the present case in 2008. This is consistent with the Sentencing Commission's data showing that violations resulting in revocation on average occur early in the supervision process." United States Sentencing Commission, Federal Offenders Sentenced to Supervised Release, at 63 (July 2010) (noting that, in 2006, on average, revocations occurred after 48.2% of the initial term was served). Defendant has now served more than one-half of the imposed term in the present case.

4